**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| BRANDON WOLOWSKI, | ) | |
| | ) | Civil Action No. 2: 16-cv-1538 |
| Plaintiff, | ) | |
| | ) | United States District Judge |
| v. | ) | Arthur J. Schwab |
| | ) | |
| ADRIAN FLETCHER, KEITH | ) | United States Magistrate Judge |
| WATSON, DAVID THORNE, | ) | Cynthia Reed Eddy |
| FRANCISCO SECTI and ADAM | ) | |
| SMITH, | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

## I.       RECOMMENDATION

It is respectfully recommended that Defendants' "Motion to Dismiss in the Form of a Motion for Summary Judgment Pursuant to F.R.C.P. 56(c)" be denied. (ECF No. 22).

## II.      REPORT

### A.       *Relevant and Material Facts*

Plaintiff, Brandon Wolowski, is a pre-trial detainee in custody at the Washington County Correctional Facility ("WCCF"). Plaintiff's operative pleading is the Amended Complaint filed on November 28, 2016. (ECF No. 19).

For purposes of this report and recommendation, the facts are quite simple. Plaintiff alleges that he was injured when Defendants assaulted him during a cell extraction on October 13, 2014. As a result of his injuries, he was first seen by the Medical Department at WCCF and later transported to the Washington Hospital Emergency Room. The Amended Complaint

indicates that Plaintiff is bringing this lawsuit under the "8th Amendment and 14th Amendment and Deliberate Indifference."[1]

Defendants seek dismissal of the Amended Complaint based on Plaintiff's failure to exhaust his administrative remedies prior to proceeding in federal court and on Plaintiff's failure to allege sufficient facts to support a claim for either excessive force or deliberate indifference to his medical needs. Because Defendants presented material outside of the Amended Complaint, the Court converted the motion to dismiss into a motion for summary judgment on the issue of exhaustion <u>only</u> and allowed the parties time to submit additional briefing and evidence. The parties were advised that the remainder of Defendants' motion would be decided under the standards for deciding a motion to dismiss. (ECF No. 26). The issues have been fully briefed and the factual record has been developed. (ECF Nos. 23, 24, 25, 27, and 28). The matter is ripe for disposition.

B.      *The Administrative Exhaustion Requirement*

Under the Prison Litigation Reform Act of 1995 ("PLRA"), a prisoner is required to pursue all avenues of relief available within the prison's grievance system before bringing a federal civil rights action concerning prison conditions. 42 U.S.C. § 1997e(a); *Booth v. Churner*, 206 F.3d 289, 291 (3d Cir. 2000), *aff'd*, 532 U.S. 731 (2001). In order to exhaust remedies, a plaintiff must pursue a grievance through final administrative review. *Salley v. PA Dept. of Corr.*, 181 F. App'x 258, 264 (3d Cir. 2006). Inmates who fail to fully exhaust

---

[1]      Even though Plaintiff does not specifically mention 42 U.S.C. § 1983, which is the Civil Rights Act, in the Amended Complaint, it is clear to this Court that Plaintiff is seeking to vindicate his federal Constitutional rights. However, because Plaintiff does not have a cause of action directly under the Constitution of the United States, nor does he identify another source of a federal right alleged to have been violated or another basis for federal jurisdiction, a liberal reading of the Amended Complaint requires the Court to construe the Amended Complaint as one invoking the Court's federal question jurisdiction pursuant to 42 U.S.C. § 1983.

administrative remedies may not subsequently litigate those claims in federal courts. *Ghana v. Holland,* 226 F.3d 175, 184 (3d Cir. 2000).

An inmate's procedural default for the failure to properly exhaust administrative remedies may be excused, however, if the prisoner can show that a particular remedy or procedural requirement was unavailable. *Small v. Camden Cty*., 728 F.3d 265, 273-74 (3d Cir. 2013). "A grievance procedure is not available even if one exists on paper if the defendant prison officials somehow prevent a prisoner from using it." *Mitchell v. Horn*, 318 F.3d 523, 529 (3d Cir. 2003). Likewise, where an inmate "fail[s] to receive even a response to the grievances addressing . . . incidents, much less a decision as to those grievances, the appeals process is unavailable to him." *Small,* 728 F.3d at 273; *Robinson v. Superintendent Rockview* SCI, 831 F.3d 148, 154 (3d Cir. 2016).

The failure to exhaust available administrative remedies is an affirmative defense, and as such it must be pleaded and proven by a defendant. *Jones v. Bock*, 549 U.S. 199, 216 (2007); *Brown v. Croak*, 312 F.3d 109, 111 (3d Cir. 2002). "Proof of the defense of failure to exhaust must be made by a preponderance of the evidence." *Cooper v. Martucci,* No. CIV. A. 15-267, 2015 WL 4773450, at *1 (W.D. Pa. Aug. 12, 2015). The issues of whether or not an inmate has exhausted administrative remedies and whether a grievance procedure is available are both questions of law to be determined by the court, even if those determinations require the resolution of disputed facts. *Small,* 728 F.3d at 271 (" [T]he District Court did not err by acting as the fact finder because exhaustion constitutes a preliminary issue for which no right to a jury trial exists."). Where this process entails fact-finding and resolution of factual disputes, the Court may resolve the issue of exhaustion through an evidentiary hearing. *Small*, 728 F.3d at 268.

In support of their position, Defendants have submitted the Affidavit of Warden Edward Strawn, which states that he did not receive any appeals or grievances from Plaintiff regarding any alleged assault(s) on October 13, 2014. Defendants have also submitted the WCCF Inmate Handbook. The Handbook reflects that the grievance system available to prisoners at WCCF consists of two separate stages: first, the Deputy Warden receives the written grievance for disposition and next, the prisoner may appeal the Deputy Warden's decision to the Warden. All decisions of the Warden are final. *See* Inmate Handbook, Version 5.6, "Inmate Grievance Procedures" at 12. (ECF No. 25-13). Defendants have also submitted a Formal Inmate Grievance filed by Plaintiff on October 25, 2014, regarding medical complaints. *See* Exhibit C (ECF No. 25-3).

In response, Plaintiff submits his own Declaration in which he states that he filed his first grievance about the assault within days of the incident, and, when he received no response, he filed a second grievance the following week. (ECF No. 27-5 at 2). He also states that he filed appeals in late November 2014, December 2014, January 2015, and February 2015, but never received a response or acknowledgement from WCCF's Administration. Plaintiff argues that he pursued every avenue of the PLRA's exhaustion requirement:

> [Y]et WCCF failed to abided by their own expections in documenting every grievance the Plaintiff had filed, let alone respond to these particular grievances. Thus, it is not Plaintiff's fault that WCCF failed to acknowledge [n]ot even [one] of the Plaintiff's grievances. The fault is solely the Facility's alone [n]ot the inmates who are not provided with carbon copy paper attached to [none] of their request slips, grievances or appeal forms – hindering inmates, like Plaintiff, from authentic documentation of their own to oppose allegations of failure to exhaust claims.

Pl's Br. at 7. (ECF No. 27). Defendants reply that "there is no evidence of Plaintiff appealing his two October 2014 grievances, and his arguments "that he did not receive a response are not a means of bypassing his required to appeal his issues to the Deputy Warden or Warden." Reply at

3 (ECF No. 28). The Court finds that Plaintiff's assertion is enough to withstand summary judgment at this time. Defendants may wish to raise the defense of exhaustion on a more developed record, after which, if need be, the Court may have to resolve the issue of exhaustion through an evidentiary hearing. *Small*, 728 F.3d at 268. For now, however, it is recommended that Defendants' motion be denied without prejudice with leave to renew after the completion of discovery.

2. *Excessive Force and Deliberate Indifference to Serious Medical Needs[2] Claims*

In support of their argument that Plaintiff has failed to state a claim for excessive force and deliberate indifference to serious medical need, Defendants have submitted numerous documents including Plaintiff's medical records, incident reports, hearing committee report, and Affidavits of Warden Edward Strawn, Nurse Supervisor Cheryl McGavvitt, R.N.; Nurse Jill Nixon; Captain Adrian Fletcher, and Correctional Officers Keith Watson, Francisco Secreti, and David Thorne, all denying any wrongdoing in the treatment of Plaintiff. (ECF No. 25). Defendants also have submitted videos that depict the cell extraction and then Plaintiff be escorted from his cell (ECF No. 25, Exh. L).

Defendants do not deny that Plaintiff suffered injuries on October 13, 2014, but contend that the injuries he suffered were as a direct of result of "his own violent, obstinate and criminal behavior." Defs' Br. at 10. Here, much of the evidence presented presents clear issues of material fact and Plaintiff has not been afforded an opportunity to conduct discovery. Accepting

---

[2] It is not apparent from the Amended Complaint that Plaintiff is in fact raising a claim regarding his medical care, or lack, thereof while at WCCF. However, Defendants, out of an abundance of caution, have analyzed Plaintiff's claim also in the context of a deliberate indifference to serious medical need claim. Whether Plaintiff is bringing such a claim should be flushed out by the parties during discovery. If, in fact, Plaintiff is raising a deliberate indifference to serious medical need claim, Defendants may re-address it after the parties have engaged in discovery.

the facts alleged in the Amended Complaint as true and construing them in the light most favorable to Plaintiff, the Court finds that Plaintiff has alleged enough to create a plausible excessive force claim against Defendants that should be allowed to continue beyond Defendants' motion to dismiss. The Court recognizes that discovery may well reveal that the alleged conduct does not give rise to an excessive force claim, but at this early stage of the litigation, the allegations of the Amended Complaint must be accepted as true and all reasonable inferences must be drawn in Plaintiff's favor.

### III.     Conclusion

For the reasons stated above, it is respectfully recommended that Defendants' "Motion to Dismiss in the Form of a Motion for Summary Judgment Pursuant to F.R.C.P. 56(c)" be denied.

Any party is permitted to file Objections to this Report and Recommendation to the assigned United States District Judge.  In accordance with 28 U.S.C. § 636(b), Fed.R.Civ.P. 6(d) and 72(b)(2), and LCvR 72.D.2, Plaintiff, because he is a non-electronically registered party, may file objections to this Report and Recommendation by **June 22, 2017,** and Defendants, because they are electronically registered parties, may file objections by **June 19, 2017**.  The parties are cautioned that failure to file Objections within this timeframe "will waive the right to appeal." *Brightwell v. Lehman*, 637 F.3d 187, 193 n. 7 (3d Cir. 2011).


s/ Cynthia Reed Eddy
Cynthia Reed Eddy
United States Magistrate Judge

Dated:  June 2, 2017

cc:     BRANDON WOLOWSKI
Washington County Correctional Facility
100 West Cherry Avenue
Washington, PA 15301
(via U.S. First Class Mail)

Paul D. Krepps
April L. Cressler
Marshall, Dennehey, Warner, Coleman & Goggin
(via ECF electronic notification)